# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DENNIS PARRY,**
    **Plaintiff,**

  v.               Case No. 07-C-1135

**GARY STIEMKE,**
    **Defendants.**

## DECISION AND ORDER

On December 20, 2007, plaintiff Dennis Parry filed a pro se complaint against Gary Stiemke, who plaintiff alleges is the supervisor of the loan department at the Wisconsin Housing and Economic Development Authority ("WHEDA"). (Docket Entry #1, attached letter.)[1] Defendant has moved to dismiss plaintiff's complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, failure to state a claim upon which relief may be granted, and failure to join necessary parties. Because I have no power to hear this case without subject matter jurisdiction, see, e.g., Smoot v. Mazda Motors of Am., Inc., 469 F.3d 675, 678 (7th Cir. 2006), I begin by examining whether I have such jurisdiction.

To determine whether I have jurisdiction, I must start by figuring out what claims plaintiff seeks to litigate in this action. Plaintiff's complaint and attached letter are confusing, so much so that I have only the vaguest idea as to what he is complaining about. What I can tell is that plaintiff owned property in Milwaukee, and that WHEDA held the mortgage. Plaintiff states that there was "legal action pending" with respect to the

---

[1]Parry filed his complaint using this District's form complaint for pro se litigants. On the same day, he also filed a letter that contains allegations that should have been included in the complaint. In attempting to understand Parry's claims, I consider both the complaint and attached letter.

property, and that the city imposed a fine on the 2005 property tax bill.  WHEDA paid the fine when it paid the 2005 property taxes.  Plaintiff alleges that WHEDA paid this fine against his wishes.  Plaintiff also alleges that in 2000, he asked WHEDA to stop collecting escrow payments for property taxes, but that WHEDA denied the request.  He then alleges that in May 2006, the defendant refused to accept plaintiff's mortgage payments.  It seems that this is somehow related to the dispute over escrow payments.  Plaintiff alleges that WHEDA's actions "contradict the purpose of a contract as a whole."  (Docket Entry #1, attached letter.)  Plaintiff also lists eight numbered claims in his complaint, all of which are related to his mortgage.  (Docket Entry #1, p. 3.)

As far as I can tell, plaintiff is trying to sue WHEDA for breach of contract relating to his mortgage.  I can detect no claim based on the Constitution or any federal law, and so I do not have subject matter jurisdiction under the federal question jurisdiction, 28 U.S.C. § 1331.  If this is really a breach of contract action, the only statutory basis for subject matter jurisdiction is the diversity jurisdiction, 28 U.S.C. § 1332, under which I have jurisdiction when the parties are diverse and the amount in controversy exceeds $75,000.  According to plaintiff's complaint, at the time the complaint was filed plaintiff resided in Missouri and defendant in Wisconsin.  Assuming that plaintiff was domiciled in Missouri rather than Wisconsin at the time the complaint was filed, Denlinger v. Brennan, 87 F.3d 214, 216 (7th Cir. 1996) ("'Citizenship' for purposes of § 1332 means domicile rather than residence."), the parties are diverse.[2]  However, plaintiff's complaint does not adequately

---

[2] Plaintiff has since moved to Wisconsin, but the parties' citizenship must be determined as of the time the lawsuit was commenced.  See, e.g., Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007) (citizenship must be determined as of date complaint was filed).

2

allege that the amount in controversy exceeds $75,000. In the "relief requested" section of his complaint, plaintiff lists a number of remedies, including a request for "[n]ominal compensation of $2,500.00 for emotional and financial hardship." (Docket Entry #1, p 6.) This is of course not enough to satisfy the jurisdictional threshold. However, plaintiff has asked for other forms of relief, including that defendant be ordered to eliminate the escrow account on his mortgage, that defendant be ordered to remove late fees from his account, and that defendant be ordered to accept plaintiff's mortgage payments by "wire transfer or other means." (Id.) If the value of this ostensibly non-monetary relief to either plaintiff or defendant causes the amount in controversy to exceed $75,000 when added to the $2,500 in damages, subject matter jurisdiction is secure. See Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 542 (7th Cir. 2006) (value of non-monetary relief is included when determining amount in controversy). However, plaintiff provides no information that would allow me to infer that the value of the non-monetary relief he seeks is substantial enough to raise the amount in controversy above $75,000.

It is plaintiff's duty in the first instance to allege that the amount in controversy exceeds $75,000 exclusive of interest and costs. A complaint is fatally defective if it does not contain either an explicit allegation to this effect or other allegations from which the court can infer that the amount in controversy exceeds $75,000. See Schlesinger v. Councilman, 420 U.S. 738, 745 n.9 (1975). Because plaintiff's allegations do not reveal whether the amount in controversy exceeds $75,000, I do not have subject matter jurisdiction over this action.

Because defective jurisdictional allegations can be amended, id., and because plaintiff is pro se, I will give him an opportunity to file an amended complaint. However,

3

although I am providing plaintiff with an opportunity to amend his complaint, that does not mean that he should take it. As noted, the jurisdictional defect is that plaintiff has not alleged that the amount in controversy exceeds $75,000. However, if the relief that plaintiff seeks is not, in fact, likely to be worth $75,000, then plaintiff cannot in good faith allege that the value of the relief he seeks is worth more than $75,000. In other words, if plaintiff is not seeking at least $75,000 worth of relief, he should not file an amended complaint with this court. Rather, he should file a new complaint in state court.

Plaintiff is hereby advised that any paper he presents to this court must comply with Federal Rule of Civil Procedure 11, a copy of which is attached for his reference. This is a rule that prohibits a person from saying things in legal papers that the person knows to be false. It also prohibits a person from making factual allegations that are not supported by evidence or by a good faith belief that such evidence will be found during a reasonable investigation. Finally, it prohibits a person from making legal arguments that are not supported by the law. If a person violates Rule 11, he may be sanctioned by the court, and such sanctions can include monetary fines.

I am advising plaintiff about Rule 11 for a number of reasons. First, as I already indicated, before plaintiff can allege that the amount in controversy exceeds $75,000, he must first conduct a reasonable investigation and analysis and form a good faith belief that his claims against the defendant are worth more than $75,000. Second, even if plaintiff believes in good faith that his claims are worth more than $75,000, plaintiff must make sure that he has a right to relief in court before he files a new complaint. That is, before plaintiff files a new complaint, he should do some legal research to try and determine whether the law gives him any entitlement to relief against defendant. Just because the defendant has

4

done something that the plaintiff does not like does not mean that the law gives the plaintiff the right to sue the defendant. So, in this case, if plaintiff really thinks that defendant has breached a contract with plaintiff, plaintiff should read the contract and determine what parts of it defendant violated. If the plaintiff means to bring a claim other than breach of contract, he should carefully consider whether any law gives him the right to bring that claim. If plaintiff concludes that there is no law that helps him, he should not sue defendant – either in this court or in state court.

If plaintiff conducts his legal research and determines that he has a claim that is warranted by law, he can file either an amended complaint in this court or a new complaint in state court. (Remember, the complaint can be filed in this court only if plaintiff first determines that he is seeking more than $75,000 worth of relief.) If he chooses to file an amended complaint in this court, he needs to make sure that he puts enough information in his complaint so that I can determine on my own whether he has a valid claim under the law. This does not mean that he has to write a lengthy complaint. Rather, he needs to write only a short statement that explains the nature of his claim and the factual basis for it. Plaintiff should use his legal research to guide him when drafting his amended complaint.

If plaintiff decides to file an amended complaint in this court, he must file it on or before July 25, 2008. If he does not file an amended complaint on or before July 25, 2008, I will assume that plaintiff has determined that he has no right to relief in federal court and will enter a judgment dismissing this action without prejudice for lack of subject matter jurisdiction.

5

Case 2:07-cv-01135-LA   Filed 06/19/08   Page 5 of 8   Document 15

## CONCLUSION

**For the reasons stated,**

**IT IS ORDERED** that defendant's motion to dismiss is **GRANTED** to the extent that the complaint is dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that plaintiff is granted leave to file an amended complaint on or before July 25, 2008.

**IT IS FURTHER ORDERED** that if plaintiff does not file an amended complaint on or before July 25, 2008, I will dismiss the present action without prejudice.

Dated at Milwaukee, Wisconsin this 19 day of June, 2008.

/s_____
LYNN ADELMAN
District Judge

**Federal Rule of Civil Procedure 11.**

**(a) Signature.** Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

**(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

**(c) Sanctions.**
> **(1)** *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.
>
> **(2)** *Motion for Sanctions.* A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

**(3)** *On the Court's Initiative.* On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

**(4)** *Nature of a Sanction.* A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

**(5)** *Limitations on Monetary Sanctions.* The court must not impose a monetary sanction:

**(A)** against a represented party for violating Rule 11(b)(2); or

**(B)** on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.

**(6)** *Requirements for an Order.* An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction.

**(d) Inapplicability to Discovery.** This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37.

Case 2:07-cv-01135-LA   Filed 06/19/08   Page 8 of 8   Document 15