# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DENNIS PARRY,**
        **Plaintiff,**

    v.                                              Case No. 07-C-1135

**GARY STIEMKE,**
        **Defendants.**

## DECISION AND ORDER

On December 20, 2007, plaintiff Dennis Parry filed a pro se complaint against Gary Stiemke, who plaintiff alleges is the supervisor of the loan department at the Wisconsin Housing and Economic Development Authority ("WHEDA"). (Docket Entry #1, attached letter.) Defendant then moved to dismiss plaintiff's complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, failure to state a claim upon which relief may be granted, and failure to join necessary parties. On June 19, 2008, I granted defendant's motion to dismiss and dismissed the complaint for lack of subject matter jurisdiction. The complaint's defect was that it raised no federal question and, although the parties were diverse, the plaintiff failed to allege that the amount in controversy exceeded $75,000. However, I gave plaintiff an opportunity to file an amended complaint containing proper jurisdictional allegations.

In addition to discussing plaintiff's jurisdictional allegations, my prior order gave plaintiff some guidance regarding litigation in federal court. Because plaintiff's original complaint was confusing and likely did not state a claim, I advised plaintiff to think carefully

before filing an amended complaint even if he determined that the amount in controversy exceeded $75,000. Specifically, I stated:

> even if plaintiff believes in good faith that his claims are worth more than $75,000, plaintiff must make sure that he has a right to relief in court before he files a new complaint. That is, before plaintiff files a new complaint, he should do some legal research to try and determine whether the law gives him any entitlement to relief against defendant. Just because the defendant has done something that the plaintiff does not like does not mean that the law gives the plaintiff the right to sue the defendant. So, in this case, if plaintiff really thinks that defendant has breached a contract with plaintiff, plaintiff should read the contract and determine what parts of it defendant violated. If the plaintiff means to bring a claim other than breach of contract, he should carefully consider whether any law gives him the right to bring that claim. If plaintiff concludes that there is no law that helps him, he should not sue defendant – either in this court or in state court.
> 
> If plaintiff conducts his legal research and determines that he has a claim that is warranted by law, he can file either an amended complaint in this court or a new complaint in state court. (Remember, the complaint can be filed in this court only if plaintiff first determines that he is seeking more than $75,000 worth of relief.) If he chooses to file an amended complaint in this court, he needs to make sure that he puts enough information in his complaint so that I can determine on my own whether he has a valid claim under the law. This does not mean that he has to write a lengthy complaint. Rather, he needs to write only a short statement that explains the nature of his claim and the factual basis for it. Plaintiff should use his legal research to guide him when drafting his amended complaint.

(June 19, 2008 Decision and Order at 4-5.)

On July 18, 2008, plaintiff filed an amended complaint. Defendant has not filed a response to the amended complaint, but this may be because plaintiff has not served defendant, as plaintiff has filed no certificate of service or otherwise indicated that he served a copy of the amended complaint on defendant. In any event, after reviewing the amended complaint, I have determined that it fails to state a claim upon which relief may be granted, and therefore I will exercise my authority to dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). See Hoskins v. Poelstra, 320 F.3d 761, 762 (7th Cir. 2003)

("District judges have ample authority to dismiss frivolous or patently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service . . . ."); Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999) ("district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status"). As explained below, plaintiff's suit is so patently defective that it is unnecessary to force defendant to incur the cost of filing a second response.

As indicated, the reason why I dismissed plaintiff's original complaint was that he did not allege that the amount in controversy was greater than $75,000. Plaintiff has cured this defect by alleging that defendant's alleged wrongful conduct has resulted in the plaintiff losing his home, which had a value of $80,000. Plaintiff also alleges other harm, although I will not count the $250,000 that plaintiff ascribes to "defendants [sic] net worth," since the defendant's net worth is not at stake in this litigation. Thus, because the parties were diverse when the complaint was filed and the amount in controversy exceeds $75,000, I have subject matter jurisdiction.

In my prior order, however, I advised plaintiff that even if the amount in controversy exceeded $75,000, if he decided to file an amended complaint, he needed to put enough information in it so that I could determine whether he had a valid claim. I informed him that this did not mean that he had to file a lengthy complaint, but that his complaint had to contain "a short statement that explains the nature of his claim and the factual basis for it." Plaintiff's amended complaint contains no such statement. Indeed, plaintiff's amended complaint contains almost no factual allegations. Although the amended complaint contains vague references stating that "defendant violated plaintiffs [sic] rights at a federal

level" and that defendant somehow breached "plaintiffs [sic] mortgage loan contract," I can identify no facts that even remotely suggest that defendant violated plaintiff's rights or breached any contract. "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964-65 (2007) (brackets in original). The factual information supplied by plaintiff does not meet this standard, even when taking his pro se status into account and construing his complaint liberally. I am simply unable to identify any facts that add up to a viable legal claim. Therefore, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

I have no reason to think that giving plaintiff a chance to file another amended complaint will result in a lucid pleading. My prior order contained extensive advice about what plaintiff needed to do to plead his case in federal court, yet plaintiff's amended complaint is even less clear than his original complaint. I am sure that plaintiff's third complaint would be no less confusing than his first two. Further, after reviewing all plaintiff's filings in this case, I cannot even begin to identify a potentially legitimate claim that could be salvaged in a better pleading. Therefore, I find it appropriate to dismiss this action with prejudice. See Loubser v. Thacker, 440 F.3d 439, 443 (7th Cir. 2006) (action may be dismissed with prejudice when plaintiff has demonstrated his inability to file a lucid complaint).

4

Case 2:07-cv-01135-LA   Filed 08/14/08   Page 4 of 5   Document 22

## CONCLUSION

**For the reasons stated,**

**IT IS ORDERED** that plaintiff's amended complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE** and that the clerk of court enter final judgment accordingly.

Dated at Milwaukee, Wisconsin this 13 day of August, 2008.

/s_____
LYNN ADELMAN
District Judge